IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs February12, 2013

**KELLEY HIGGINS v. BOBBY HIGGINS**

**Appeal from the Circuit Court for Hamilton County**
**No. 10D1506     L. Marie Williams, Judge**

**No. E2012-01376-COA-R3-CV-FILED-APRIL 16, 2013**

In this divorce case, the trial court's judgment ended the twenty-year marriage of Kelley Higgins ("Wife") and Bobby Higgins ("Husband"). Husband appeals. He challenges the trial court's classification and division of the parties' property. He also contends that alimony was improperly awarded to Wife. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed; Case Remanded**

CHARLES D. SUSANO, JR., P.J, delivered the opinion of the Court, in which D. MICHAEL SWINEY and JOHN W. MCCLARTY, JJ., joined.

Lisa Z. Bowman, Chattanooga, Tennessee, for the appellant, Bobby Higgins.

Lucy C. Wright, Chattanooga, Tennessee, for the appellee, Kelley Higgins.

**OPINION**

I.

The parties were married in March 1990 and separated in 2010. Wife sued Husband for divorce. Pending trial, the court approved the parties' mediated agreement adopting a parenting plan and setting child support.[1] Before trial, Husband's counsel was permitted to withdraw and the trial court granted Husband thirty days within which to obtain new counsel.

---

[1]One child was born to their union. At the time of the final judgment, the trial court entered an order reflecting that the child had reached the age of majority and, accordingly, that Husband's child support obligation had terminated. No issues related to the child are before us on this appeal.

Husband represented himself at the November 1, 2011, trial. At its conclusion, the court filed its memorandum opinion in which it divorced the parties, addressed a disputed child support arrearage, and divided the parties' assets and liabilities. Based on testimony and other evidence, the court decreed a nearly equal property division. In support of its decision, the court cited such factors as the parties' long-term marriage; their comparable capacities to earn income and acquire future assets; their comparable ages, health, and financial resources; and the lack of separate property or an appreciable estate of either party at the time of the marriage.

Wife moved the court to alter or amend its opinion to address certain unresolved issues. Following a hearing, at which Husband did not appear, the court made various amendments to its memorandum opinion and entered its final judgment and divorce decree.

Husband later filed a motion to alter or amend, in which he asserted that portions of the final decree were not in conformity with the court's earlier memorandum opinion. On June 12, 2012, the court ordered that certain modifications be made to its final judgment; in all other respects, Husband's objections were overruled. Husband filed a timely notice of appeal.

## II.

Husband presents two issues for this Court's review:

> 1. Did the trial court err in its classification of the parties' property and did the court err in failing to equitably divide the marital estate?
>
> 2. Did the trial court err in amending the final order to include an award of alimony?

## III.

In this non-jury case, our standard of review is de novo; however, the record comes to us with a presumption of correctness as to the trial court's factual determinations, a presumption we must honor unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995). There is no presumption of correctness as to the trial court's conclusions of law. *Kendrick v. Shoemake*, 90 S.W.3d 566, 569 (Tenn. 2002); *Campbell v. Florida Steel Corp.*, 919 S.W.2d 26, 35 (Tenn. 1996).

IV.

There is no record of the evidence at trial. *See* Tenn. R. App. P. 24 (providing for the inclusion of the transcript or statement of the evidence in the record on appeal). Husband blames this on the fact that he represented himself. He offers simply that "[t]here is no transcript of the proceeding and [Husband's appellate counsel] was not representing him at the time of trial; accordingly, there is no statement of the evidence." This Court has addressed the pitfalls facing an appellant who, like Husband, fails to produce a record that enables us to undertake a meaningful review of factual matters on appeal. In one such case, we observed:

> Our review of this case has been severely hampered by the fact that we have been provided neither a transcript of the hearing nor a statement of the evidence. As we have stated many times, "[t]his court cannot review the facts de novo without an appellate record containing the facts, and therefore, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." ***Sherrod v. Wix***, 849 S.W.2d 780, 783 (Tenn. Ct. App. 1992). Husband, as the appellant, had the duty "to prepare a record which conveys a fair, accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal." ***Nickas v. Capadalis***, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997) (quoting ***State v. Boling***, 840 S.W.2d 944, 951 (Tenn. Crim. App. 1992)). Husband failed to prepare an adequate record on appeal.
>
> The issues raised by Husband are fact intensive, and the Trial Court stated in its Final Decree of Divorce that it heard testimony from the parties. Without a transcript or statement of the evidence, we must assume that the record, had it been preserved, would have contained sufficient evidence to support the Trial Court's findings. As such, we affirm the Trial Court's Final Decree of Divorce.

***Albertson v. Albertson***, E2010-02647-COA-R3-CV, 2011 WL 4440644 at *1 (Tenn. Ct. App. E.S., filed Sept. 26, 2011); ***Miller v. Miller***, E2010-00225-COA-R3-CV, 2011 WL 1641888 (Tenn. Ct. App. E.S., filed Apr. 29, 2011). We now consider the issues raised by Husband to the extent that we are able to do so in view of the absence of a transcript or statement of the evidence.

V.

A.

Husband's challenge to the trial court's property division is two-fold. He essentially asserts that the trial court erred (1) by improperly classifying a portion of the funds used to purchase the marital home as Wife's separate property and (2) by failing to make an equitable division of the marital estate. We address these two points in turn.

B.

In classifying the parties' property, the trial court found that the marital residence "was purchased with funds realized from a sale of a home in both [parties'] names and a $50,000 gift to the Wife." The court further found that "[t]here is no separate property to be considered. . . ." Instead, the court classified the marital home as a marital asset and awarded it to Wife, subject to the first mortgage as well as two-thirds of the home equity line of credit ("HELOC"). In her motion to alter or amend, Wife requested that the court credit her with the $50,000 in "pre-marital" funds that she applied toward the down payment. She argued that Husband should pay two-thirds of the HELOC. The trial court struck a portion of Wife's proposed order to this effect, thus leaving undisturbed the court's allocation of the HELOC two-thirds to Wife and one-third to Husband. A considered review of the trial court's opinion and final decree leads us to conclude that Husband's assertion that some portion of the value of the marital home was improperly classified as Wife's separate property is simply not true.

C.

Husband further takes issue with the overall property division. He suggests it was inequitable largely because, he says, he has "substantial" debt that was not considered by the trial court.

As it stands, the trial court essentially divided the marital property nearly equally, with a net award of some $38,000 to Wife and some $34,000 to Husband. The trial court's opinion expressly notes that there were "significant voids in the proof," including Husband's failure to provide a statement of his assets and liabilities. Ultimately, the court allocated as marital debt to Husband one-third of the HELOC balance and "all liabilities in . . . Husband's name" with no values assigned by the court. The trial court's decision reflects that it was based on the evidence presented at trial. As we observed in *Albertson*, Husband raises fact-intensive issues that we cannot thoroughly analyze without the benefit of the evidence at trial. As we held in that case, "[w]ithout a transcript or statement of the evidence, we must assume

-4-

that the record, had it been preserved, would have contained sufficient evidence to support the Trial Court's findings." 2011 WL 4440644 at *1.

## VI.

Lastly, Husband contends that the trial court erred when it amended the final judgment to, as he sees it, include an award of alimony to Wife. We find no such award.

In its memorandum opinion, the trial court expressly found that "this is not a case in which any alimony should be awarded." Husband complains that despite finding that no alimony was justified, the trial court amended its judgment to award Wife "alimony" when it awarded her a judgment for $8,636.00, "which represents one-half . . . of the mortgage payments that were made solely by [Wife]" from the date the complaint was filed to the trial date. To be clear, the final judgment, as amended, makes no award of alimony, express or implied. The judgment indicates to us that the challenged award was in furtherance of the trial court's allocation of the mortgage-related debt to both parties as part of the overall property and debt division. Husband's bald, conclusory allegations to the contrary are not sustained in the sparse record before us.

## VII.

The judgment of the trial court is affirmed. This case is remanded to the trial court, pursuant to applicable law, for enforcement of the trial court's judgment and for the collection of costs assessed below. Costs on appeal are taxed to the appellant, Bobby Higgins.

_____
CHARLES D. SUSANO, JR., PRESIDING JUDGE